The plaintiff, Anetra Warren, appeals from a Superior Court judgment dismissing her complaint. Concluding that the plaintiff's complaint is sufficiently detailed to have survived a motion to dismiss brought by the defendant, the Massachusetts Bay Transportation Authority (MBTA), we reverse and remand.[2]
"We review the allowance of [the] motion to dismiss de novo," accepting as true all allegations in the complaint and drawing all reasonable inferences in favor of the plaintiff. Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011). We also liberally construe the plaintiff's pro se, handwritten complaint. See Lamoureux v. Superintendent, Mass. Correctional Inst., Walpole, 390 Mass. 409, 410 n.4 (1983). The complaint need only contain "factual 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief." Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting from Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1966 (2007).
According to the complaint, the plaintiff was riding an MBTA bus in South Boston with her two young daughters when the driver and other passengers got into a disagreement as to where the driver should stop. When the bus did stop, the plaintiff moved to exit the bus with her daughters, and the driver said, "[G]et the hell off [my] bus." The plaintiff told the driver not to address her in that manner, and threatened to call his supervisor. The driver shut the doors after the plaintiff's daughters exited, trapping the plaintiff inside, and drove off. While driving, the driver called the plaintiff a "black crackhead bitch" and "a prostitute." After about one block, the driver stopped the bus, but the plaintiff refused to leave until the police arrived.
These facts are sufficient to state a plausible claim under G. L. c. 272, § 98, as amended through St. 2016, c. 134, § 3, which states in relevant part: "Whoever makes any distinction, discrimination or restriction on account of race, color, religious creed, national origin, sex, gender identity, sexual orientation, ... deafness, blindness or any physical or mental disability or ancestry relative to the admission of any person to, or his treatment in any place of public accommodation, ... as defined in section ninety-two A, ... shall be liable to any person aggrieved thereby." An MBTA bus is a place of public accommodation under G. L. c. 272, § 92A, inserted by St. 1953, c. 437, because it is a "place ... [that] is open to and accepts or solicits the patronage of the general public." The driver's statement ("black crackhead bitch") supports the reasonable inference that he mistreated the plaintiff on account of her race or color and, thus, sufficiently supports the plaintiff's discrimination complaint.
Accordingly, the judgment is reversed, and the case is remanded to the Superior Court for further proceedings consistent with this memorandum and order.
So ordered.
reversed and remanded

Judgment entered in the Superior Court on March 17, 2017. The plaintiff filed her notice of appeal on April 20, 2017, three days beyond the deadline imposed by Mass.R.A.P. 4(a), as amended, 464 Mass. 1601 (2013). Although the notice of appeal was three days late, it appears that there may have been a delay in the plaintiff's becoming aware of the dismissal of the case; neither party has raised the issue. Accordingly, we exercise our discretion under Mass.R.A.P. 14(b), as amended, 378 Mass. 939 (1979), and declare the plaintiff's notice of appeal timely. See Sniffin v. Prudential Ins. Co. of America, 395 Mass. 415, 420 n.10 (1985).